IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DONALD J. BOULA, )
)
    Plaintiff, )
)
)
v. ) 1:11CV366
)
THE UNITED STATES OF )
AMERICA, )
)
    Defendant. )

**<ins>MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE</ins>**

This matter is before the Court on Defendant's motion to dismiss (Docket Entry 7.) Plaintiff has responded in opposition to the motion (Docket Entry 9) and the matter is ripe for disposition. For the reasons that follow, Defendant's motion should be granted.

**I. BACKGROUND**

Plaintiff initiated this action on May 11, 2011, alleging a claim for medical malpractice pursuant to the Federal Tort Claims Act (FTCA). (Compl., Docket Entry 1.) Plaintiff alleges that on July 2, 2007, while undergoing vitrectomy eye surgery at the VA Medical Center in Durham, North Carolina ("DVA"), attending surgeons placed an incorrect gas concentration into his left eye. (*Id.* at ¶ 1.) Plaintiff required subsequent treatment following the vitrectomy (*Id.* at ¶¶ 16-20) and ultimately Plaintiff's left eye was removed in October 2009 due to complications resulting from the initial July 2007 surgery. (*Id.* at ¶ 20.) Plaintiff contends that he has suffered pain, has had to undergo multiple painful procedures, and

ultimately lost vision in his left eye which then had to be removed, causing disfigurement, all as a result of the alleged medical negligence of Defendant.

Plaintiff brought this action against Defendant pursuant to the FTCA. Defendant moved to dismiss the complaint for failure to meet the mandatory pre-filing requirements for medical malpractice actions under N.C. R. Civ. P. Rule 9(j)[1].

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim should be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the factual allegations must "be enough to raise a right to relief above the speculative level." *Id.* at 555. "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (*quoting Twombly*, 550 U.S. at 570). As explained by the United States Supreme Court:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

---

[1] N.C. Gen. Stat. § 1A-1, Rule 9(j).

A 12(b)(6) motion tests the sufficiency of a complaint and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Accordingly, a court should "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts. Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the truth of the facts alleged is assumed, courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

### III. DISCUSSION

In enacting the Federal Torts Claim Act in 1946, Congress waived the sovereign immunity of the United States for certain torts committed by federal employees. Pursuant to the FTCA, the United States is liable in the same manner and extent as a private individual under similar circumstances pursuant to the law of the state where the act or omission occurred. 28 U.S.C. § 2674; 28 U.S.C. § 1346(b)(1); *Anderson v. United States*, 669 F.3d 161, 164 (4th Cir. 2011). "In other words, a claimant has a FTCA cause of action against the government only if she would also have a cause of action under state law against a private person in like circumstances." *Anderson*, 669 F.3d at 164 (internal quotation and citation omitted). Thus, the substantive law of the state where the cause of action arises applies. *Id.* Here, the acts giving rise to Plaintiff's medical malpractice claim occurred in North Carolina, and thus North Carolina substantive law applies to his claim. *See* 28 U.S.C. § 1346 (b)(1).

North Carolina imposes substantive requirements necessary for claimants seeking to pursue a medical malpractice claim. Under North Carolina Rule of Civil Procedure 9(j), a

3

plaintiff's medical malpractice complaint must assert that the medical care has been reviewed by a person who is reasonably expected to qualify (or whom the plaintiff will move to qualify) as an expert witness and who is willing to testify that the medical care received by the plaintiff did not comply with the applicable standard of care. *See* N.C. R. Civ. P. 9(j)(1), (2)[2]; *see, e.g., Thigpen v. Ngo*, 355 N.C. 198, 202, 558 S.E.2d 162, 165 (2002); *Gregory v. Schatzman*, No. 1:08cv497, 2009 WL 3151867, at *1 (M.D.N.C. Sept. 24, 2009) ("Rule 9(j) mandates dismissal where there is not statement of certification in the complaint itself when filed.").

As a threshold matter, federal district courts in North Carolina have generally applied Rule 9(j) as a substantive requirement in medical malpractice claims asserted pursuant to the FTCA. *See Smith v. United States*, No. 1:10cv112, 2011 WL 4899933, at *16-17 (M.D.N.C. Oct. 14, 2011) (applying Rule 9(j) to medical malpractice claim brought pursuant to the FTCA); *Howell v. Physicians and Staff, VAMC-Salisbury*, No. 1:12cv1233, 2012 WL 5879748, at *3 (M.D.N.C. Nov. 21, 2012) (requiring plaintiff to comply with "the substantive requirements" of Rule 9(j)); *Hall v. United States*, No. 5:10-CT-3220-BO, 2013 WL 163639 (E.D.N.C. Jan. 15, 2013) ) (failure of complaint to include pre-filing certification "does not comply with the substantive requirements of Rule 9(j)[.]"); *Lauer v. United States*, No. 1:12cv41, 2013 WL 566124 (W.D.N.C. Feb. 13, 2013). The Fourth Circuit has not addressed this issue.[3]

---

[2] Rule 9(j) provides one narrow exception to pre-filing certification requirement, in cases where negligence may be established under the doctrine of *res ipsa loquitur*. *See* N.C. R. Civ. P. 9(j)(3). Plaintiff does not allege that this exception applies to the facts of this case.

[3] The law on this issue in other circuits appears to be unsettled. *See Lewis v. Womack Army Medical Center*, 886 F.Supp.2d 1304, 1306-07 (N.D. Fla. 2012) (collecting cases suggesting weight of authority

4

In his Complaint, Plaintiff here alleges that "the medical care which is the subject of this Complaint has been reviewed by a medical health provider who plaintiff reasonably believes will qualify as an expert under Rule 702 of the North Carolina Rules of Evidence and who has stated a willingness to testify to these opinions . . ." as required by Rule 9(j). (Compl. ¶ 23.) Plaintiff identified his expert reviewer for Rule 9(j) purposes as the "DVA Chief of Ophthalmology." *Id.*[4] Later, Plaintiff identified the reviewer as Dr. Sharon Fekrat, DVA Chief of Ophthalmology. Plaintiff provided to Defendant a copy of an email from Dr. Fekrat to the DVA Risk Manager, Kathleen Logan. (Def.'s Mem. in Supp. of Mot. to Dismiss, Ex. 1, Docket Entry 7-1.) This e-mail came from Plaintiff's VA benefits claim file and was apparently produced in the context of Plaintiff's application for benefits as a result of the loss of his eye. (*Id.*, Ex. 2, Declaration of Dr. Sharon Fekrat ¶ 3.) However, Dr. Fekrat also states:

> (4) Plaintiff asked me to testify in this matter on his behalf and I advised him I would not be his expert witness.
>
> (5) I am not willing to testify that the medical care at issue in this case did not comply with the applicable standard of care in this case.

(*Id.*) Defendant contends that Dr. Fekrat's declaration clearly shows that Plaintiff has not met the requirements of Rule 9(j) because he has not identified an expert witness "willing to testify that the medical care did not comply with the applicable standard of care." N.C. Gen. Stat. § 1A-1, Rule 9(j)(1).

---

among district courts in the Eleventh Circuit is that such state pre-filing requirements do not apply in federal court.)

[4] Rule 9(j) provides that defendants may challenge a plaintiff's Rule 9(j) certification by propounding up to ten interrogatories to the plaintiff to prove compliance with this requirement. Here, Plaintiff voluntarily identified his proposed expert to Defendant, thus removing the need for interrogatories.

The law of North Carolina is clear that an action must be dismissed if a plaintiff cannot produce an expert willing to testify as to the standard of care. This requirement is more than a simple pleading requirement. *McGuire v. Riedle*, 190 N.C. App. 785, 788, 661 S.E.2d 754, 758 (N.C. App. 2008) ("[C]ontrary to plaintiff's claims, Rule 9(j) is not merely facial," thus dismissal is proper where plaintiff does not comply with the certification requirement.) "In considering whether a plaintiff's Rule 9(j) statement is supported by the facts, a court must consider the facts relevant to Rule 9(j) and apply the law to them." *Barringer v. Forsyth Cnty Wake Forest Univ. Baptist Med. Ctr.*, 197 N.C. App. 238, 255-56, 667 S.E.2d 465, 477 (N.C. App. 2009) (internal quotation and citation omitted). Thus, "even when a complaint facially complies with Rule 9(j) by including a statement pursuant to Rule 9(j), if discovery subsequently establishes that the statement is not supported by the facts, then dismissal is likewise appropriate." *Ford v. McCain*, 192 N.C. App. 667, 672, 666 S.E.2d 153, 157 (N.C. App. 2008)

Plaintiff argues that because at the time he filed the complaint he believed that Dr. Fekrat would testify on his behalf, the motion to dismiss should be denied. However, what is controlling here is not the knowledge of Plaintiff, but the willingness of the medical expert to testify. Here, Dr. Fekrat unequivocally states that she would not testify as to any alleged breach of the standard of care. Thus, Plaintiff's knowledge or reasonable belief is irrelevant. *See McGuire*, 190 N.C. App. at 788, 551 S.E.2d at 757 ("Rule 9(j) contains no good faith exception.") Rule 9(j) clearly requires that a plaintiff certify and identify an expert "who is willing to testify." Plaintiff here has not done so. Dr. Fekrat's affidavit clearly shows that

6

she is not willing to testify in this matter as to the standard of care. (Ex. 2, ¶¶ 4-5). *See Ford*, 192 N.C. at 672, 666 S.E.2d at 157; *McGuire*, 190 N.C. App. at 788, 551 S.E.2d at 757.[5]

Plaintiff argues that because this court has considered matters outside the pleadings this court should convert the motion to dismiss into a motion for summary judgment, and thus rule in his favor because there is a genuine issue of material fact as to whether Plaintiff has met the requirements of Rule 9(j). Controlling precedent from North Carolina appellate courts suggests otherwise, however:

> In considering whether a plaintiff's Rule 9(j) statement is supported by the facts, a court must consider the facts relevant to Rule 9 (j) and apply the law to them. In such a case, this Court does not inquire as to whether there was any question of material fact, nor do we view the evidence in the light most favorable to the plaintiff. Rather, our review of Rule 9(j) compliance is *de novo*, because such compliance clearly presents a question of law.

*Barringer*, 197 N.C. App. at 255-56, 677 S.E.2d at 477 (internal quotations and citations omitted); *see also McGuire*, 190 N.C. App. at 787, 661 S.E.2d at 757. Thus, this court may consider any relevant facts in determining whether to grant a motion to dismiss based on Rule 9(j). Plaintiff's contention that this court should examine the record to determine if there is any question of material fact is not correct. Dismissal under Rule 9(j) (and Fed. R. Civ. P. 12(b)(6)) is appropriate.

---

[5] Plaintiff has called to the court's attention the recent North Carolina Supreme court case of *Moore v. Proper*, 726 S.E. 2d 812 (N.C. 2012). While Plaintiff does not specifically address the significance of this case, I note that the court in *Moore* primarily was concerned with the requirement of Rule 9(j) that the expert witness identified by a plaintiff *be reasonably expected to qualify* under Rule 702 of the North Carolina Rules of Evidence. (emphasis added). In the context of this discussion, the court stated that "to the extent there are reasonable disputes or ambiguities in the forecasted evidence, the trial court should draw all reasonable inferences in favor of the nonmoving party at this preliminary state of determining whether the party *reasonably expected* the expert witness to qualify under Rule 702." *Id.* at 818 (emphasis in original). Plaintiff's reliance on *Moore* is misplaced under the facts of this case where the willingness of Dr. Fekrat to testify, not her qualifications as an expert, is at issue.

Plaintiff further argues that Defendant improperly interviewed Plaintiff's non-party treating physician privately without Plaintiff's consent. *See Crist v. Moffatt*, 326 N.C. 326, 389 S.E.2d 41 (1990). *Crist*, which pre-dates Rule 9(j), is easily distinguishable from this case. In *Crist*, a medical malpractice case, the defendant's attorney met privately with two of the plaintiff's treating physicians. 326 N.C. at 328, 389 S.E.2d at 43. The plaintiff filed a motion to compel disclosure of these private conversations and requested that the trial court disallow the use of such information at trial. *Id.* at 329, 389 S.E.2d at 43. The trial court entered an order finding that these contacts were improper, ordering disclosure, and prohibiting contact between the defendant's attorney and the plaintiff's treating physicians without the knowledge and consent of the plaintiff's attorney or a court order. *Id.* at 329-30, 389 S.E.2d at 43. The North Carolina Court of Appeals court ruled that "defense counsel may not interview nonparty treating physicians privately without plaintiff's express consent." *Id.* at 336, 389 S.E.2d at 47. However, *Crist* did not involve a FTCA claim, nor did it involve non-treating physicians who were employees of the defendant. *Crist* addressed contact by defense counsel with non-party treating physicians who had no relationship with the defendant. Here, Dr. Fekrat is employed by Defendant and she was not Plaintiff's treating physician. As noted by Defendant, "[a] rule requiring the government to engage in formal discovery to obtain such information from its own employees would, in addition to interfering with the attorney-client and work product privileges, unduly burden the government and interfere with the employer-employee relationship." (Def.'s Reply Br. at 11-12, Docket Entry 14) To extend the reasoning of *Crist* to the factual situation in this case would be both overreaching and unnecessary.

## IV. CONCLUSION

Because Plaintiff has failed to comply with N.C. Gen. Stat. § 1A-1, Rule 9(j)(1), by presenting this court with an expert who was "willing to testify that the medical care did not comply with the applicable standard of care, dismissal of the action is appropriate.

Accordingly, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Docket Entry 7) be **GRANTED**.

Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
April 2, 2013